WILLIAM S. TODD *vs.* AMY AMES, impleaded with Benjamin A. Ames.

Where the debt, for which a promissory note is given by husband and wife, is the debt of the husband, the wife, in becoming a party to the note, is a mere surety for her husband.

But if, in such a note, the wife charges and creates "a lien and claim" upon her "separate real and personal property, to secure the payment of the note," the promise is binding in law, and operates to create a charge upon, and to bind, such separate estate for the payment of the debt, and to subject it to execution in satisfaction of a judgment recovered upon the promise.

It is not material whether the separate property which the wife has at the time of the trial is the same as that which she had at the time of signing the note.

When a married woman creates a valid obligation, and makes it a charge upon her separate estate, it extends to her whole separate estate which she may have at the time of the trial and judgment.

As long as the obligation continues, her entire separate estate is devoted to its payment and discharge; unless the lien, or charge, is expressly limited and confined to some specific portion thereof.

APPEAL from a judgment entered upon the report of a referee.

This was an action against husband and wife, to recover judgment against the husband, and to charge the separate personal estate of the wife with the payment of a note signed by both. The action is an equitable action, and

seeks to enforce the charge as a lien upon specific property, which the complaint describes. The complaint prayed for a temporary injunction to restrain the defendants from disposing of the property, which was obtained, and for the appointment of a receiver to take possession of, and sell the property. No relief was asked against the husband. The action was referred to a referee, who made a report in which he found the following facts : That the plaintiff is a practicing physician, and was, in the month of August, 1864, at which time he resided in Angelica, N. Y. That the defendant Amy Ames is a married woman, and the wife of the defendant Benjamin A. Ames, and was at the time the services hereinafter mentioned were rendered by the plaintiff, and at the time of the execution of the note hereafter described, and still is, a married woman, and wife of the defendant Benjamin A. Ames. That on the 30th of August, 1864, and while the defendant Benjamin A. Ames was absent from home, in the army of the United States, the defendant Amy Ames and four of her minor children were taken sick with a fever. She sent for the plaintiff, and requested him to render her and her four children, then sick, his attention, medical skill and services, and informed him at that time that her husband was absent from home in the army, and she could get no assistance from him. Thereupon the plaintiff took charge of the said defendant Amy Ames and her said four children, and rendered them his services, medical skill and assistance, and provided and furnished them with medicine from the 30th day of August, 1864, to the 30th day of October, of the same year, the defendant Amy Ames being the last to recover from said sickness. That said services, medical skill, attendance and medicine were worth the sum of $114.00. That at the time the plaintiff was called to attend the said Amy Ames and her four children, as aforesaid, the said defendant Benjamin A. Ames was, and had been for some time previous, absent

from home, in the army of the United States, and so continued absent during their said sickness, and during the time the services were rendered by the plaintiff as aforesaid, and the said Benjamin A. Ames was insolvent. That subsequent to the rendering of the services aforesaid by the plaintiff, and in the month of November of the same year, the defendant Amy Ames requested the plaintiff to obtain from the town of Angelica, and county of Allegany, all he could for the services he had rendered as aforesaid, and she would pay him the balance. That in compliance with her request, he did, in the said month of November, 1864, present to the town board of the town of Angelica, and county board of the county of Allegany, a bill for such services, and he was allowed thereon by said boards, the sum of $35.00. That this sum was deducted from the whole amount of his said services, and the balance thereof agreed upon between the parties at the sum of $75.00, for which sum the said defendants, Amy Ames. and Benjamin A. Ames, on the 1st day of December, 1867, executed and delivered to the plaintiff, a promissory note, or instrument in writing, in the words and figures following, viz:

" $75.00.                    ANGELICA, Dec. 1st, 1867.

For value received, one year from date, we, or either of us, promise to pay W. S. Todd, or bearer, seventy-five dollars with use; and I, Amy Ames, do hereby charge and create a lien and claim on my separate real and personal property, to secure the payment of the above mentioned note.                    BENJAMIN A. AMES,

AMY AMES."

That said note was not obtained through fraud or false statements of the plaintiff, or any other person, but the same was voluntarily executed by the said defendants. That subsequent to the execution and delivery of said note, the defendants let the plaintiff have a quantity of butter and milk, to be credited on said note and indebted-

ness, of the value of $11.92. That there was due and owing the plaintiff, at the date of the report, from the defendants upon the indebtedness and note aforesaid, the sum of $76.87. That the defendant Amy Ames, on the 14th of August, 1869, executed and delivered to Esther Latham, of Angelica, N. Y., a chattel mortgage on one of the cows and heifer mentioned in the complaint, which mortgage was duly recorded, the consideration expressed therein being $60.00. That the defendant Amy Ames was the owner, in her own separate right, of the property described in the plaintiff's complaint. And the referee found, as a conclusion of law, that the plaintiff was entitled to recover judgment against the defendants, for the sum of $76.87, besides costs. That the said separate estate of the defendant Amy Ames was liable for said sum of $76.87, and costs. And judgment was directed to be entered for said sum, in favor of the plaintiff, against said separate estate, and that the same be declared a charge and lien on said separate estate, as the same is set forth in the complaint, and according to the prayer thereof.

Judgment was so entered, and the defendant Amy Ames appealed.

*F. Brundage*, for the appellant.

I. The plaintiff entirely failed to make out a case to charge the separate estate of a married woman. To do this he must prove that she had a separate estate, and that she charged it, and intended to charge it. In this case, it is neither alleged, proved or found, that she had any separate estate at the time she made this note. The allegation of the complaint is that the defendant Amy "has and is the owner of the following personal property." The proof is confined to the time "just before this action was commenced," which was November, 1869, and the note was made December 1, 1867. The finding is, that she "was the owner, in her own separate right, of the property de-

Todd *v.* Ames.

scribed in the plaintiff's complaint," without stating when she was the owner. We submit, therefore, that neither Amy Ames nor her estate, is liable for this note in this action, because, 1. Being a married woman, she had no capacity to make contracts, and could not be made liable personally. That this was so, before the act of 1860 and 1862, is too plain for dispute. Those acts have made her liable to be sued at law, but have not extended her liability beyond those exceptional cases "relating to her sole and separate property," or to her separate business, and in those cases the judgment must be collected out of her separate property. (*Laws of* 1860, *ch.* 90, § 7, *as amended in* 1862. *Laws of* 1862, *ch.* 172, § 7.) 2. There is no case to be found, where the separate estate of a married woman has been charged, unless it appeared that the married woman had a separate estate at the time, and to which the contract related. The liability of the married woman or her estate is predicated always upon the existence of a separate estate. How can it be said that a married woman charges her separate estate when she has none to be charged ? It is the possession and ownership of a separate estate, which qualifies her to contract, and distinguishes her from married women generally, who have no capacity to contract. In this case, the defendant Amy Ames, at the time of making the note sued on, was entirely incompetent to make such a contract, and it was, at the time it was made, entirely void at law, and could not be enforced in equity, because there was no separate estate to be reached in equity. Being so void, did the subsequent acquirement of separate property make her liable ? We submit that the plaintiff utterly failed to make out a cause of action. (*Cobine* v. *St. John*, 12 *How. Pr.* 333. *Coon* v. *Brook*, 21 *Barb.* 546.) See the opinion of Earl, Commissioner, in *Corn Exchange Insurance Co.* v. *Babcock*, (42 *N. Y.* 646,) where he describes the essentials of such a cause of action.

*Todd v. Ames.*

II. The judgment in this case is erroneous. It goes beyond the rights of the plaintiff. It compels the defendant Amy Ames to assign to the receiver certain specific property, whether she owns it or not, and assumes to determine the title to that property in an action on a note. It, in effect, makes her the principal debtor, and requires that her separate estate be exhausted before any resort is had to the property of the other defendant, who is the principal debtor, and she the surety.

III. The defendant Amy Ames, being merely surety for her husband, could not make herself liable, or charge her separate estate by an instrument like the one in question. It would require some instrument such as would effect a charge or lien upon property if she were a *feme sole*.

*J. A. Sandford*, for the respondent.

I. There is evidence enough in the case to show that the wife had a separate estate at the time the note was given. The husband testified: "I told the plaintiff that my wife would not sign such a note, for the reason that it was like a chattel mortgage, and would hold her personal property." The wife testified: "The plaintiff came to my house with a note for me to sign. I objected to signing it, because it would hold my personal and real property, and because it had the personal property clause in it." The husband and wife both swore to the answer, which contains the following allegations: That she, the wife, refused to sign the note on the ground of the clause contained therein. That she would give no note binding her separate property, or creating a lien or charge upon the same. That the said Amy Ames never knew or supposed, when she signed the note, that she was making any lien, claim, or charge upon her separate real and personal property, for, in fact, at that time she had no real property whatever. It is thus alleged, in the answer, that she was

the owner of personal property at the time the note was given, and is not denied by the plaintiff in his reply. The referee's report should be construed to mean that she was the owner of this property at the time the note was given. It is a legal principle that every intendment of law is in favor of putting that construction upon the report of the referee, which will sustain the judgment. The defendants having introduced this proof, that she had a separate estate, by their answer, and also on the trial, cannot now be allowed to controvert the question, and cannot take advantage of it. It is an admission of the party, by which she is bound. (1 *Greenl. on Ev.* § 174.) If necessary, as no injustice has been done, the court has power to amend the complaint. (*Code*, § 173. *Bowdoin* v. *Coleman*, 3 *Abb.* 431. *Bate* v. *Graham*, 11 *N. Y.* 237. *N. Y. Practice, pp.* 11, 12, *and cases cited.*)

II. Can a party make a lien upon property not in existence? In law, he cannot; but he can make one that equity will enforce. (*Otis* v. *Sill*, 8 *Barb.* 114, 116 *to* 121, *and cases cited.*) If it be true that the plaintiff's demands must be collected out of the property which the wife had at the time the note was given, what is the result? She may give a note, due in one year from date, to-day, when she is the owner of real estate, and to-morrow she may convert her real estate into personal. Therefore, if she only creates a charge upon the property which she then owns, and the charge does not continue as to subsequently acquired property, courts of equity and the law, place it within the power of every woman to avoid the payment of every debt. She may embark her property in business to-day, loan it to-morrow, subsequently acquire more, and laugh at her creditors. Is it the policy of courts of equity and the law, to so construe its rules as to enable persons to avoid the payment of debts?

III. The defendant Amy Ames, was liable under the act

Todd *v.* Ames.

of 1860 and 1862, which says that "a married woman's separate property shall not be liable for her husband's debts, except such debts as may have been contracted for the support of herself or her children, by her as his agent." (*Laws of* 1860, *ch.* 90, *p.* 157, § 1.) In this case the husband was away from home, in the United States army, hundreds of miles from his family. The wife and children were taken sick with fever. The plaintiff, at her request, attended and furnished medicine for them during such sickness. Medicine and medical attendance are just as essential to support life as bread. The family had a run of fever, and left without skillful medical treatment would have died. (*Moody* v. *Osgood,* 50 *Barb.* 628.) The law presumes that the wife acts as agent for her husband in purchasing necessaries, and in carrying on his ordinary business during his absence. (7 *Pars. on Cont.* 288, *and note b. Pickering* v. *Pickering,* 6 *N. H.* 124.) Under this statute and act of 1862, (*ch.* 172, *p.* 345,) the property which she has at the time judgment is rendered, is liable, and execution may be issued and levied on it. In proceeding under this statute, we have a remedy either in law or in equity. If she has property which she is disposing of, equity can only reach it, and protect the rights of the plaintiff. (*Corn Ex. Ins. Co.* v. *Babcock,* 42 *N. Y.* 593.)

IV. The judgment in this case does not go beyond the rights of the plaintiff. It is a judgment in equity, and adjudges what the complaint prays for. It conforms to the judgment entered in the case of *Yale* v. *Dederer,* as reported in 21 *Barbour,* pages 292, 293. The defendants made a motion to set aside the judgment entered in this action at a special term, held in Buffalo, Justice Marvin presiding, which motion was denied.

V. The defendant Amy Ames was liable upon the note in question, and judgment should be affirmed. (*Corn Ex. Ins. Co.* v. *Babcock,* 42 *N. Y.* 614 *to* 640.)

*By the Court,* JOHNSON, J.   The debt for which the note in question was given, was clearly the debt of the husband, and the appellant in becoming a party to it was, in law, a mere surety for her husband. But in this respect the case is the same as that of *Corn Exchange Ins. Co.* v. *Babcock,* (42 *N. Y.* 613.)

The terms of the promise by the appellant in this case, are in substance and legal effect the same as in that, where it was held that the promise was binding in law, and operated to create a charge upon, and to bind, the separate estate of a married woman for the payment of the debt, and to subject it to execution in satisfaction of any judgment which might be recovered upon the promise. That case covers, completely, the case at bar, so far as the liability upon the promise and the charge upon the separate estate is concerned. The only difference between the two cases is, that the action here is in the equitable form, and there, in the form of an action at law. But that does not affect the principle, and no objection is taken to the form of the action. It was formerly the only mode of reaching the separate estate of a married woman and enforcing a charge upon it, and the remedy has not, in terms, been taken away by any statute, though a different one seems to have been given.

It is urged, on the part of the appellant, that it is not shown by the evidence, or found by the referee, that she had any separate estate at the time she signed the note in question, which could have been charged. That question does not appear to have been litigated on the trial. But I think the report of the referee may fairly be held to embrace such finding. The note itself is evidence on that subject, and the referee might have found from that alone, in connection with the testimony as to the property she had in her own right at the time of the trial, that she had property which was the subject of such a charge, at the time the note was given, if that was a material fact in the

case ; especially as there was no evidence to the contrary. It is not material whether it was the same property, at the time of the trial, as at the time of the making of the note.   When a married woman creates a valid obligation, and makes it a charge upon her separate estate, it extends to her whole separate estate, which she may have at the time of the trial, and judgment.   As long as the obligation continues, her entire separate estate is devoted to its payment and discharge ; unless the lien or charge is expressly limited and confined to some specific portion thereof.   (*The Corn Exchange Ins. Co.* v. *Babcock, supra. Ballin* v. *Dillaye,* 37 *N. Y.* 35.   *Dyett* v. *N. A. Coal Co.,* 20 *Wend.* 570.)

The judgment is right, and must be affirmed, with costs.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, September 4, 1871. *Mullin,* P. J., and *Johnson* and *Talcott,* Justices.]